UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ACOSTA,<br><br>Plaintiff,<br><br>v.<br><br>J AUTOGLASS, LLC, et al.,<br><br>Defendants. | No. 1:19-cv-00306-DAD-BAM<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING AND DENYING MOTION TO STAY<br><br>(Doc. No. 8) |

Plaintiff initiated this action on March 5, 2019, asserting a violation of the Americans with Disabilities Act. (Doc. No. 1.) On April 8, 2019, defendants, proceeding *pro se*, filed a response styled as an "answer." (Doc. No. 8.) However, this response is not a proper answer under Federal Rule of Civil Procedure 8(b) because it does not assert any affirmative defenses, nor does it admit or deny any of the allegations in the complaint. (*Id.*) Instead, the response states that defendants are currently seeking to hire an attorney and, accordingly, seek an extension of time in order to begin litigating this case. (*Id.* at ¶ 3.) In addition, defendants note that a civil RICO case is currently pending against plaintiff's attorney, and requests that the court stay all proceedings in this case pending the outcome of that litigation. *See Saniefar v. Moore, et al.*, 1:17-cv-00823-LJO-BAM (E.D. Cal.). Because defendants are proceeding *pro se* at this time, the court will liberally construe this response as a request for an extension of time to file a responsive pleading

1

and a motion to stay.  Plaintiff's counsel filed a partial opposition to defendants' submission, stating that plaintiff would stipulate to a 28-day extension of time in which to respond to the complaint, but opposed the granting of defendants' motion to stay.  (Doc. No. 9.)  In light of plaintiff's offered stipulation, defendants' request for an extension of time in which to file a proper responsive pleading will be granted.[1]

With respect to defendants' motion to stay, "[a] district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005).  Here, however, defendants have offered no explanation as to how a pending civil action brought against plaintiff's attorney would have any impact on these proceedings.  Accordingly, the court will deny defendants' motion for a stay of these proceedings.

For these reasons,

1. Within twenty-eight days from the date of service of this order, defendants shall file their response to plaintiff's complaint; and
2. Construed as a motion to stay, defendants' motion (Doc. No. 9) is denied.

IT IS SO ORDERED.

Dated:  **April 29, 2019**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendants' filing indicates that they are aware of the requirement that a corporation may not proceed *pro se*, and must be represented by an attorney.  *See In re Bigelow*, 179 F.3d 1164, 1165 (9th Cir. 1999).  Therefore, defendant J Autoglass, LLC is obligated to obtain an attorney before filing a responsive pleading.